RCV'D - USDC COLA SC
AUG 22 '24 PM3:40

The Honorable Paige J. Gossett
United States District Court for the District of South Carolina
901 Richland Street
Columbia, SC, 29201

Dear Judge Gossett,

    I am writing to request the unsealing of an affidavit attached to a search warrant issued by yourself and executed by the Department of Homeland Security.

    The case, 3:24-cr-00655, was filed on PACER on Aug. 14, and included a motion from the U.S. Attorney's office that the affidavit be sealed. You approved both the order to seal and the warrant on Aug. 1, noting that the warrant must be executed within two weeks.

    The application for the warrant, the warrant itself, the request for the affidavits to be sealed and your order sealing the affidavits all remain public. The warrant does not identify a subject or location for the search, referring instead to the sealed affidavits.

    The motion by Assistant U.S. Attorney J. Scott Matthews to have the affidavits sealed is based on the argument that information "would seriously jeopardize the investigation including by giving targets the opportunity to destroy or tamper with evidence, change patterns of behavior, flee from prosecution, intimidate cooperating and potential witnesses, and endanger the safety of law enforcement and other individuals."

    These potential harms are the only ones cited by Mr. Matthews in the motion. All of them are related to the concern that an unsealed affidavit could notify the subject of the warrant before law enforcement can execute it.

    Those harms should now be moot. Given the filing of the case on Aug. 14 and the deadline of Aug. 15 on the warrant, it should have been executed. The need to keep the target of a warrant secret until the warrant has been executed is obvious. However, the subject of the warrant is now well aware of the existence of the investigation.

    I realize that the warrant likely pertains to an ongoing investigation, and there may be additional details in the affidavit that the court has a compelling interest in keeping sealed.

    On the warrant itself, however, the "person or property" to be seized is listed as being included in attachment A to the affidavit and what the search will reveal is listed as being in attachment B to the affidavit. Even if the affidavit itself cannot be unsealed (in a redacted or unredacted form), I would request that attachments A and B outlining the location and purpose of the warrant be unsealed.

    As a representative of the media, I believe that this information may be of great public interest. With the warrant already served, the affidavit should be unsealed under the common law public right of access.

    Thank you very much for your time and consideration of this request. I am happy to answer any additional questions you may have on the matter.

*Abraham Kenmore*

Abraham Kenmore
Reporter, South Carolina Daily Gazette
1122 Lady Street
Columbia, SC, 29201
akenmore@scdailygazette.com
(716) 406-3575