UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| IN RE SEARCH WARRANT | ) | CRIMINAL NO. 3:24-cr-655 |
| AFFIDAVIT OF SA BRITTON | ) | |
| LORENZEN DATED | ) | |
| AUGUST 1, 2024 | ) | |
| | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION
## TO REQUEST TO UNSEAL SEARCH WARRANT AFFIDAVIT

The United States of America submits the following response in opposition to Abraham Kenmore's ("Kenmore") request to unseal the search warrant affidavit of SA Britton Lorenzen dated August 1, 2024 ("Affidavit").

Kenmore requests that the Affidavit be unsealed, or in the alternative Attachments A and B, because "this information may be of great public interest" and "the affidavit should be unsealed under the common law public right of access." The Government opposes Kenmore's request because the Affidavit pertains to an ongoing criminal investigation and the temporary seal of the Affidavit, along with its attachments, is necessary to protect the integrity of the ongoing investigation. The United States Supreme Court has consistently "recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). The Court described at length the reasons for grand jury secrecy:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of the testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Douglas Oil*, 441 U.S. at 219. Likewise, the Fourth Circuit has recognized "that the press and public enjoy a qualified common law right of access, but not a First Amendment right, to judicial records including affidavits supporting investigative search warrants." *Media General Operations, Inc. v. Buchanan*. 417 F.3d 424, 429 (4th Cir. 2005). "But the right of access is qualified, and a judicial officer may deny access to search warrant documents if sealing is 'essential to preserve higher values' and 'narrowly tailored to serve that interest.'" *Buchanan,* 417 F.3d at 429 (quoting *Baltimore Sun Co. v. Gertz*, 886 F.2d 60, 65-66 (4th Cir. 1989)).

Here, the order to seal imposed by the Court is narrowly tailored to preserve the higher values of an ongoing criminal investigation. The Government submits that the seal of the Affidavit is merely temporary. The temporary nature of the seal protects the integrity of the investigation and the privacy interests and constitutional rights of the Target Individual. The integrity of the investigation is served for the same reasons outlined by the Supreme Court for grand jury secrecy—potential and prospective witnesses need to be free to come forward without fear of retribution or inducement. Furthermore, the Target Individual described in the Affidavit has not been charged with a crime. Sealing the Affidavit serves Target Individual's privacy interests and his or her constitutional presumption of innocence until the investigation is completed. Unless or until a true bill of indictment is returned by a grand jury against Target Individual, he or she would be unduly prejudiced by the contents of the Search Warrant being unsealed. Even if Target Individual were charged with a crime, he or she would be entitled to a trial by an impartial jury of his or her peers. *See U.S. Const. Amend VI.* Unsealing the Affidavit prematurely could poison a future jury pool and deprive Target Individual of valuable constitutional rights. For these reasons, the temporary seal of the Affidavit is a narrowly-tailored solution that preserves higher values and outweighs the common law right of access.

## CONCLUSION

For the above reasons, the Government respectfully requests this Court to deny Kenmore's request to unseal the search warrant affidavit.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By:  s/Scott Matthews
J. Scott Matthews (# 13779)
A. Lothrop Morris (#14069)
Assistant U.S. Attorneys
1441 Main Street, Suite 500
Columbia, SC  29201
Tel: 803-343-3163
Fax: 803-254-2912
Jonathan.Matthews2@usdoj.gov

August 28, 2024

3