The Honorable Paige J. Gossett
United States District Court for the District of South Carolina
901 Richland Street
Columbia, SC, 29201



Dear Judge Gossett,

I am writing to you regarding the response from Mr. J. Scott Matthews to my motion to unseal the affidavit attached to 3:24-cr-655.

I am delighted that the government considers the seal "merely temporary," which suggests that there is nothing in the affidavit so sensitive as to require a permanent seal. This means that the question is not whether the information should be released, but when it should be released.

I fully appreciate the government's concerns regarding the secrecy of the grand jury process, including the importance of protecting the identity of witnesses who might come forward. I also appreciate the government's concern about the privacy rights of someone who has not been indicted, given that the person may never be charged with a crime.

However, I still believe that a total seal of the affidavit and, crucially, the attachments to it, is not narrowly tailored enough.

The government here cites Media General Operations, Inc. v. Buchanan, which upholds the ability of a court to keep affidavits under seal when necessary to protect an ongoing criminal investigation.

However, the government's response to my motion treats the seal as an all-or-nothing question.

The affidavit in Buchanan was 106 pages in length with five attachments. I have specifically requested two attachments that simply list 1) the location at which the warrant was executed and 2) what was searched for. I have no objection to the court redacting any other extraneous information in these attachments.

Regarding the privacy rights of the target, it is hard to see how releasing an affidavit confirming the location where a search warrant was executed now would prejudice a jury pool more than releasing the information following a criminal indictment.

The idea that making public the location of a search warrant violates the presumption of innocence also leads to some troubling conclusions. If a location is searched by law enforcement and no charges are ever brought, and the fact no charges are brought is used as proof to keep the search sealed, law enforcement has broad authority to operate out of the public eye.

If, on the other hand, the affidavit is eventually made public, which the government indicates is the intention in this case, it is difficult to see why making the information public now would be more damaging to the presumption of innocence than a release of the same information in the future.

Finally, the warrant time frame, court division, law enforcement agency and alleged violation all match the details reported in multiple media outlets of a search carried out at the residence of state Rep. R.J. May III. These reports are based entirely on anonymous sourcing. Such anonymous allegations are far more likely to prejudice a potential jury pool or violate Mr. May's presumption of innocence than the court confirming the location of a warrant.

The public has a clear interest in knowing whether or not a search warrant was served at the home of an elected representative. The attachments to the affidavit providing confirmation one way or another could help clear up the confusion and rumors surrounding this case.

I would, of course, like the court to unseal the entire affidavit along with the attachments, and I think the government's arguments for keeping them under seal following the execution of the warrant are not strong enough to override the right of access.

However, even if the court finds that the government's arguments regarding the ongoing investigation are compelling, there is still an avenue by which the court can "preserve higher values" with a more "narrowly tailored" order – per the Fourth Circuit ruling in Buchanan – by sealing all but the information in the two attachments.

Abraham Kenmore
Reporter, South Carolina Daily Gazette
1122 Lady Street
Columbia, SC, 29201
akenmore@scdailygazette.com
(716) 406-3575