IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR No. 3:24-655-MCRI |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Target Location et al. | ) | |
| | ) | |

      This matter is before the court on the request of a journalist ("movant") to unseal an affidavit and attachments submitted by a law enforcement agent to obtain a search warrant in a matter currently under federal investigation. According to the movant, rumor has it that the search warrant targeted a public official. The movant seeks to confirm this through the search warrant affidavit and attachments. (Movant's Letter in Reply to Govt.'s Memo. in Opp'n, ECF No. 13 at 2.)

      Applying precedent from the United States Court of Appeals for the Fourth Circuit, the court previously ordered the affidavit and its attachments, as well as any return to the warrant containing the inventory of items seized, to be sealed for one year. See Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424 (4th Cir. 2005); Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65 (4th Cir. 1989); (Order, ECF No. 2). Additionally, the court provided the following unsealing protocol:

> Any person or party who seeks access to the documents sealed by this order may file a written motion or request to unseal. The Clerk of Court is directed to file any motion or request to unseal on the public docket. Regardless of when the motion or request is made, the documents sealed by this order shall remain sealed until the Government or other affected party has an opportunity to respond to any motion or request to unseal.

(ECF No. 2 at 3); see Media Gen. Operations, Inc., 417 F.3d at 429-30.

The movant now seeks, pursuant to the protocol outlined in the sealing order, an order immediately unsealing the affidavit and its attachments. Alternatively, the movant seeks the immediate unsealing of Attachments A and B. The motion is opposed.

The Fourth Circuit has recognized a qualified right of access to "judicial documents and records filed in civil and criminal proceedings." U.S. ex rel. Oberg v. Nelnet, Inc., 105 F.4th 161, 170-71 (4th Cir. 2024) (quoting Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014)). When considering public access to court records, a court must first identify the source of the right, if any. See Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004). The right of access depends on the type of information sought and the stage of the proceeding at issue. See, e.g., Oberg, 105 F.4th at 171 (recognizing a greater right of access grounded in the First Amendment, rather than the common law, to summary judgment filings); cf. In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 292 n.9 (4th Cir. 2013) (a history of no access to unexecuted search warrants); Guide to Judiciary Policy, Vol. 10., Ch. 3, § 340 Non-Public Components of the Criminal Case File (including unexecuted search warrants as documents in a criminal case that "must not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access"). Pertinent here, the Fourth Circuit has specifically recognized a qualified common law right of access to search warrant materials after the warrant's execution. See Media Gen. Operations, Inc., 417 F.3d at 429; Baltimore Sun Co., 886 F.2d at 65. This common law right to filed judicial records is "broad but shallow," unlike the First Amendment right which attaches to other types of judicial records, which is "narrower but deeper." Oberg, 105 F.4th at 171.

Because it is qualified, the common law right of access may be outweighed by a significant countervailing interest. In re Application, 707 F.3d at 293 (quoting Under Seal v. Under Seal, 326

F.3d 479, 486 (4th Cir. 2003)). Courts have broad discretion in determining when sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." Baltimore Sun Co., 886 F.2d at 65-66; In re Application, 707 F.3d at 293.

The court concludes that the countervailing interests and higher values justifying the initial order to seal remain present and endangered here. Accordingly, the court must deny the motion to unseal. As articulated by the Government and the Target Individual, the investigation into the Target Offense is in its early stages and is ongoing. See In re Application, 707 F.3d at 292 (addressing investigative orders issued pursuant to the Stored Communications Act and concluding that "[p]re-indictment investigative processes 'where privacy and secrecy are the norm' 'are not amenable to the practices and procedures employed in connection with other judicial proceedings' ") (quoting In re Sealed Case, 199 F.3d 522, 526 (D.C. Cir. 2000)). Premature disclosure of the details contained in the sealed documents could jeopardize the investigation, as it could alert co-conspirators and thus lead to the destruction of evidence or flight from prosecution. Additionally, the Target Individual has not been charged with a crime. The court finds that the Government's interest in protecting the integrity of the criminal investigation and the privacy interests of the Target Individual outweigh any common law right of access the media may have at this time in the materials supporting issuance of the search warrant. Media Gen. Operations, Inc., 417 F.3d at 429 ("[T]he press and public enjoy a qualified common law right of access, but not a First Amendment right, to judicial records including affidavits supporting investigation search warrants.") (citing Baltimore Sun Co., 886 F.2d at 64-65). In the specific context of sealing affidavits supporting search warrants, the Fourth Circuit has listed acceptable reasons to seal, including: the preliminary stage of the investigation; the potential impact on the parties searched if unproven criminal allegations were made public; the impact of the affidavit's release on broader

investigations in other districts; and the privacy interests in the information relating to the person being searched.  Media Gen. Operations, Inc., 417 F.3d at 430.  All of these reasons continue to be present here and demand continued sealing of the documents supporting the warrant.  Id.; Baltimore Sun Co., 886 F.2d at 64-66.

Furthermore, "[i]n balancing the government's interest and the public's right of access, a court may consider the following factors:  '[1] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; [2] whether release would enhance the public's understanding of an important historical event; and [3] whether the public has already had access to the information contained in the records.' "  In re Application, 707 F.3d at 293 (quoting In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984)).  Applying the requisite factors to determine if the common law presumption of access demands disclosure, the court finds that all of the factors weigh in favor of continued sealing at this stage.  Even accepting the movant's conjecture as to the identity of Target Individual, the court observes that "[t]he mere fact that a case is high profile in nature does not necessarily justify public access."  In re Application, 707 F.3d at 294 (citing United States v. McVeigh, 119 F.3d 806 (10th Cir. 1997) and United States v. Moussaoui, 65 F. App'x 881, 887 n.5 (4th Cir. 2003)).  The second and third factors also countenance against disclosure.

Additionally, the court observes that generally, even after charges—if any—are ultimately brought, documents supporting the issuance of *investigative* process such as search warrants are not necessarily accessible on the public docket.  Rather, those documents are typically shared with defendants through counsel in discovery, a process that—in both criminal and civil proceedings—is not open to the public.  See Oberg, 105 F.4th at 172; see also Robert Timothy Reagan, Sealing Court Records and Proceedings:  A Pocket Guide 11 (Federal Judicial Center 2010) ("Information

exchanged by the parties during discovery is not subject to a First Amendment or common-law public right of access. If the fruits of discovery are filed in conjunction with a dispositive motion, a qualified right of access attaches.") (citations omitted). Generally, during the pendency of a criminal case, investigative documents only make their way to the public docket if they are the subject of a motion to suppress or underpin some substantive, adjudicative ruling by the court. Cf. Doe, 749 F.3d at 267 ("observing that summary judgment is an adjudication that 'serves as a substitute for trial' " and that "the First Amendment right of access attaches to documents and materials filed in connection with a summary judgment motion") (quoting Rushford v. New Yorker Mag., 846 F.2d 249, 252 (4th Cir. 1988)). Then, as the Fourth Circuit has recognized, documents that play a role in the *adjudicative* process tilt more heavily in favor of public access, potentially even implicating a right grounded in the First Amendment. See Oberg, 105 F.4th at 171-72; In re Application, 707 F.3d at 290 ("Taken together, Rushford [v. New Yorker Magazine, 846 F.2d 249 (4th Cir. 1988)] and In re Policy Management Systems Corp.[, 67 F.3d 296 (4th Cir. 1995),] hold that documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights. We adopt that definition."); id. at 291 (applying a two-step "experience and logic" test to determine if the First Amendment provides a right of access to a judicial record).

  Finally, the procedures the court has in place are narrowly tailored to protect the higher values at stake. Baltimore Sun Co., 886 F.2d at 66 (stating that if a judicial officer determines that full access is not appropriate, she may narrowly tailor the procedures to include, for example, giving the public access to some of the documents); (Order, ECF No. 2) (ordering the sealing of the affidavit, attachments, and return, but not the application and warrant themselves). Contrary to the movant's suggestion, unsealing even Attachments A and B could jeopardize the higher

values of investigative integrity and privacy.  This is especially the case since the Target Offense by its nature often implicates co-conspirators.  Nor is redaction an option, as virtually all of the information in the attachments would have to be redacted.  See <u>In re Search Warrant for Secretarial Area Outside of Gunn</u>, 855 F.2d 569, 574 (8th Cir. 1999) (explaining that "line-by-line" redactions were "not practical" where "[v]irtually every page contain[ed] multiple references" to sensitive information).

The reasons and factors under controlling Fourth Circuit authority all weigh in favor of denial of the motion to unseal.  The countervailing interests and higher values identified above outweigh the qualified common law right of access.  It is therefore

**ORDERED** that the movant's motion to unseal is **DENIED**.

**IT IS SO ORDERED.**

September 19, 2024
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE